IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BENJAMIN KARL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN LEROY KIRKEGARD,<br>IRL LAMBERTSON, OFFICER<br>FOSSENS and OFFICER MACHLER,<br><br>Defendants. | CV 15-00013-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

On July 15, 2015, Plaintiff Benjamin Smith filed a Second Amended Complaint. (Doc. 22.) Mr. Smith did not raise a number of claims in his Second Amended Complaint that he had raised in his original and first amended complaints. In his Second Amended Complaint, he no longer named the State of Montana, the Department of Corrections, Montana State Prison, Linda Murphy, or Officer Cales as Defendants.

The following claims will be served: (1) Mr. Smith's claim that Defendant Lambertson interfered with his ability to litigate a state civil case by failing to bring him to his office for a telephone conference; and (2) Mr. Smith's deliberate indifference and denial of medical care claims against Defendants Fossens and Machler.

# I. STATEMENT OF THE CASE

## A. Jurisdiction

Mr. Smith initiated this lawsuit by filing a Complaint in Montana's Third Judicial District, Powell County. (Doc. 1-1.) Defendants removed the case to federal court. (Notice of Removal, Doc. 1.) Venue is proper, as Mr. Smith was incarcerated in and alleges wrongs committed in Powell County, Montana. Local Rule 3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed.R.Civ.P. 4(k)(1)(A); Mont.R.Civ.P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case is assigned to Hon. Dana Christensen, Chief United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## B. Parties

Mr. Smith is a state prisoner currently incarcerated at Montana State Prison in Deer Lodge, Montana. He is proceeding in forma pauperis and without counsel.

In his First Amended Complaint, Mr. Smith named the following Defendants: the State of Montana, the Department of Corrections, Montana State Prison, Warden Leroy Kirkegard, Linda Murphy, Irl Lambertson, Officer Fossens, and Officer Cales. (Amended Complaint, Doc. 13 at 1-4.)

In his Second Amended Complaint, Mr. Smith names only Leroy Kirkegard, Irl Lambertson, Officer Fossens, and Officer Machler as Defendants. (Second Amended Complaint, Doc. 22 at 3-4.) Accordingly, the State of Montana, the Department of Corrections, Montana State Prison, Linda Murphy, and Officer Cales should be dismissed without prejudice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (the filing of an amended complaint replaces the original complaints, and the original complaints no longer serve a function in the case).

### C. Allegations

In his Second Amended Complaint, Mr. Smith raises the following claims: (1) the claim that Defendant Lambertson willfully and maliciously did not allow Mr. Smith to timely appear for a telephonic hearing, resulting in the dismissal of a state civil case (Second Amended Complaint, Doc. 22 at 5); and (2) the allegation that Officers Fossens and Machler provided Mr. Smith with toxic cleaning chemicals that caused him to be unable to breathe and then failed to provide him medical care (Second Amended Complaint, Doc. 22 at 6).

## II. PRELIMINARY SCREENING

The Court has considered whether Mr. Smith's Second Amended Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a

defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Smith has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). The Court concludes that dismissal is not appropriate at this time. Defendants Lambertson, Fossens, and Machler must respond to the Second Amended Complaint.

Although named as a Defendant, there are no allegations against Warden Kirkegard in the Second Amended Complaint. The Court gave Mr. Smith specific instructions regarding what was required to state a claim against individuals and supervisors in its prior Order. (Doc. 21 at 20-22.) Specifically, the Court advised Mr. Smith that if he "fails to affirmatively link the conduct of a defendant with an injury suffered, the allegation against that defendant will be dismissed for failure to state a claim." (Doc. 21 at 24.) Mr. Smith has failed to state a claim against Warden Kirkegard; therefore, he should be dismissed.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendants Lambertson, Fossens, and Machler waive service of summons by executing, or

having counsel execute, the Waiver of Service of Summons.[1]  The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**.  If Defendants choose to return the Waiver of Service of Summons, the answer or an appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(B).  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

2. The Clerk of Court shall forward the documents listed below to:

| | |
|---|---|
| Legal Counsel for the Montana<br>Department of Corrections<br>P.O. Box 201301<br>Helena, MT 59620-1301 | Jeffrey Michael Doud<br>Agency Legal Services Bureau<br>Montana Department of Justice<br>PO Box 201440<br>Helena, MT 59620-1440 |

\*       Second Amended Complaint (Doc. 22);

---

[1]  As the State of Montana, the Department of Corrections, Montana State Prison, Leroy Kirkegard, Linda Murphy, and Officer Cales are recommended for dismissal, they are not required to file a responsive pleading at this time.

* this Order;

* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, and must be served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. The Court will not consider requests made or information presented in letter form.

4. Mr. Smith <u>must not</u> make any motion for default until at least seventy (70) days after the date of this Order.

5. At all times during the pendency of this action, Mr. Smith must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

### RECOMMENDATIONS

1. Any claim not raised or Defendant not named in the Second Amended Complaint should be **DISMISSED**.

2. Mr. Smith failed to state a claim against Leroy Kirkegard. He should be

**DISMISSED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Smith may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 29th day of July, 2015.

      /s/ John Johnston
      John Johnston
      United States Magistrate Judge

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:    Legal Counsel for the Montana        Jeffrey Michael Doud
Department of Corrections                 Agency Legal Services Bureau
P.O. Box 201301                              Montana Department of Justice
Helena, MT 59620-1301                PO Box 201440
                                                    Helena, MT 59620-1440

A lawsuit has been commenced by a pro se plaintiff against Irl Lambertson, Officer Fossens and Officer Machler. A copy the Second Amended Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-15-13-H-DLC-JTJ. The Court has completed its pre-screening and concludes these Defendants must file a responsive pleading. *See* 42 U.S.C. § 1997e(c),(g)(2); 28 U.S.C. §§1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

                                                              */s/ John Johnston*
                                                              John Johnston
                                                              United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

      The following Defendants acknowledge receipt of your request to waive service of summons in the following action: *Smith v. Kirkegard, et al.*, Civil Action No. CV-15-13-H-DLC-JTJ, filed in the United States District Court for the District of Montana.  Defendants also received a copy of the Second Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Second Amended Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

      The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

_____      _____
DATE      SIGNATURE

      _____
      PRINTED/TYPED NAME

      _____

      _____
      ADDRESS