FILED
OCT 30 2015
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BENJAMIN KARL SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> WARDEN LEROY KIRKEGARD, IRL LAMBERTSON, OFFICER FOSSENS and OFFICER MACHLER <br><br> Defendants. | CV 15–13–H–DLC-JTJ <br><br> ORDER |

Plaintiff Benjamin Smith ("Smith") filed his complaint in this matter on March 9, 2015. On July 8, 2015, United States Magistrate Judge John T. Johnston issued an order identifying various deficiencies in Smith's complaint and granted leave to file a second amended complaint. Smith filed his second amended complaint on July 15, 2015, and omitted five parties previously named in the first complaint. These omitted parties were the State of Montana, the Department of Corrections, the Montana State Prison, Linda Murphy and Officer Cales.

On July 29, 2015, Judge Johnston issued his order, findings, and recommendations as to Smith's second amended complaint. In this order, Judge Johnston found that Smith did not name the above parties in his second amended

complaint and recommended they be dismissed from the suit. Further, Judge Johnston found that Smith failed to state a claim against Warden Kirkegard and recommended that he be dismissed as well. Judge Johnston further determined that Smith's second amended complaint satisfied the preliminary screening requirements of 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and concluded that dismissal was not appropriate for Defendants Lambertson, Fossens, and Machler. Judge Johnston then requested the remaining Defendants waive service of summons and gave Smith 14 days to file written objections to his findings and recommendations.

Interestingly, although Smith did not file objections, the State of Montana did, even though it was not named in the second amended complaint. In its objections, the State of Montana objects to Judge Johnston's determination that Smith's second amended complaint satisfied the preliminary screening requirements of 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Specifically, the State of Montana argues that Smith failed to state claims against Defendants Lambertson, Fossens, and Machler. Additionally, the State of Montana, apparently on behalf of all Defendants, previously filed a waiver of reply under 42 U.S.C. § 1997e(g) and have yet to file an answer. As a result, Smith has since moved for default judgment in this case.

As a preliminary matter, the Court declines to review the State of Montana's objections. The Court does this for two reasons. First, when Smith filed his second amended complaint, he did not name the State of Montana. It is "well-established doctrine that an amended pleading supersedes the original pleading . . . . [T]he original pleading no longer performs any function and is treated thereafter as non-existent." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citation and internal quote marks omitted). The Court thus finds that because Smith did not name the State of Montana, it is not a party in this suit and has no standing to file an objection. Second, if the Court reviewed the State of Montana's objections, it would establish precedent where nonparties could be heard in matters where they have no standing. This would not be good policy because it would encourage nonparties to file objections. As such, the Court declines to review the State of Montana's objections.

Thus, because neither Smith nor Defendants Lambertson, Fossens, and Machler[1] have filed objections to Judge Johnston's proposed findings and

---

[1] The Court acknowledges that there may have been confusion as to whether the State of Montana was representing these individuals in these pretrial matters. However, the objections expressly indicate they are filed by the State of Montana, and attorney Doud indicates he represents the State of Montana (Doc. 25 at 1, 13). The Court takes him at his word that his client is the State of Montana, an entity no longer named in the complaint, and that he is not representing the other defendants who remain parties in the case. The Court reminds these parties that, after they have answered the complaint, they may still move for summary judgment on their claims.

-3-

recommendations, these findings and recommendations will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court adopts Judge Johnston's findings and recommendations in full.

As stated above, Judge Johnston found that Smith failed to name the State of Montana, the Department of Corrections, the Montana State Prison, Linda Murphy and Officer Cales in his second amended complaint and recommended they be dismissed. The Court agrees. To the extent that there may be any confusion as to whether these entities are still parties in this suit, they will be dismissed.[2] Further, the Court agrees with Judge Johnston's finding that Smith failed to link Warden Kirkegard to any alleged injury. As such, Smith's claim against Warden Kirkegard will be dismissed.

Lastly, Smith moves for default judgment in this matter because Defendants have not yet filed an answer. However, default judgment is not appropriate at this time. First, Defendants argue that they had a good faith belief that they would not be required to file an answer until this Court ruled on the State of Montana's objections. The Court finds this argument persuasive. Second, as a procedural

---

[2] However, as discussed above, because these parties were never named in the second amended complaint, the Court does believe that they are actually parties requiring a formal dismissal. However, as a clerical matter, they will be dismissed from this suit.

matter, Federal Rules of Civil Procedure allow 21 days after service of the summons and complaint to file a responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(i). Here, because service has not been perfected, this time has not yet run. Third, though Smith moved for default judgment, he did not first seek an entry of default. Fed. R. Civ. P. 55(a). Smith's failure to seek an entry of default before moving for a default judgment precludes the Court from granting his motion. As such, the Court will deny Smith's motion for default judgment without prejudice.

Accordingly, IT IS ORDERED that:

(1) Judge Johnston's findings and recommendations (Doc. 23) are ADOPTED IN FULL.

(2) Any claim not raised or Defendant not named in the second amended complaint is DISMISSED.

(3) Defendant Leroy Kirkegard is DISMISSED.

(4) Counsel for the State of Montana shall notify the Court whether he will accept service on behalf of Defendants Lambertson, Fossens, and Machler on or before November 6, 2015. If so, Defendants' Answer shall be due on or before November 20, 2015.

(5) Plaintiff Benjamin Smith's motion for default judgment (Doc. 29) is DENIED.

Dated this 30th day of October, 2015.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court