IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BENJAMIN KARL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>IRL LAMBERTSON, OFFICER FOSNESS, and OFFICER MACHLER,[1]<br>Defendants. | CV 15-00013-H-DLC-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Benjamin Smith, a prisoner proceeding without counsel, filed a

Motion to Hold Defendants in Contempt (Doc. 74) and a Motion to Subpoena

Records (Doc. 75). Defendants filed a Motion for Leave to file a Sur-Reply in

Response to Mr. Smith's Motion to Hold Defendants in Contempt. (Doc. 79.)

Both of Mr. Smith's motions made vague representations that Defendants

failed to provide him information which was vital to his claims. He did not explain

_____

[1]The caption has been amended to reflect the correct spelling of Officer Fosness's last name as indicated in Defendants' Answer to Second Amended Complaint. (Doc. 35.)

1

what that information was but sought to hold Defendants in contempt for failing to

produce unspecified documents and a subpoena to Montana State Prison to compel

the production of unspecified documents.  (Docs. 74, 75.)

Defendants opposed the motion to hold Defendants in contempt stating,

"Mr. Smith has perpetuated the myth that Defendants are withholding documents

on multiple occasions throughout this case."  (Doc. 76 at 1.)  In response to Mr.

Smith's motion to subpoena records, Defendants stated that Mr. Smith's "claim is

based upon his erroneous belief, without any factual basis, that Defendants are

withholding documents in this matter."  (Doc. 77 at 1.)

But then, after the briefing was complete on Mr. Smith's motions but before

the Court had made a ruling, Defendants moved to file a sur-reply to Mr. Smith's

motion to hold Defendants in contempt admitting that they had failed to produce

the named Defendants' incident reports for the incident at issue.  (Doc. 79.)[2]

Defendants explain, in their sur-reply brief, that Defendants Fosness and

Machler's incident reports were not disclosed to Mr. Smith until sometime after

September 22, 2016, even though the reports were requested in discovery and

---

[2]No reply was filed regarding Mr. Smith's motion to hold Defendants in
contempt so the Court will construe Defendants' filing as a supplemental brief filed
in response to Mr. Smith's motion to hold Defendants in contempt.  Because Mr.
Smith has already responded to the "sur-reply brief" the motion will be granted.

arguably should have been provided with Defendants' January 2016 disclosures.

Defendants state that the Unit Manager, who kept these incident reports in a file,

was moved to a different position in the prison shortly after the incident and it was

not until recently that the current unit manager sent him these reports. (Doc. 79-1

at 2-3.)

Although Defendants argue no intent or malice was involved in the late

disclosure of these incident reports, it is troubling that the named Defendants did

not disclose their own incident reports of the incident at issue until after the May 5,

2016 discovery deadline, after the June 3, 2016 motions deadline, and after they

filed detailed affidavits regarding the event at issue in support of their motion for

summary judgment. *See* Docs. 58-1, 58-2.

Mr. Smith filed a response to the "sur-reply brief." (Doc. 80.) He argued

that for more than 18 months he has attempted to get access to several incident

reports involved in this case and was told the documents did not exist. He seeks to

hold Defendants in contempt or other appropriate sanctions. (Doc. 80.) Mr. Smith

also contends that many of the statements in Mr. Kremer's affidavit filed in support

of the "sur-reply brief" were untrue. (Doc. 80-1.)

Defendants' failure to provide their own incident reports could be construed

as a failure to comply with the Court's November 25, 2016 Scheduling Order

which required the production of all documents that may be used in proving or

denying any party's claim or defenses.  (Doc. 40 at 3.)

"Courts have inherent power to enforce compliance with their lawful orders

through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966).  In

addition, pursuant to the Federal Rules of Civil Procedure, a party may be found in

contempt for failure to obey a discovery order.  Specifically, Rule 37(b) of the

Federal Rules of Civil Procedure provides:

> (b) Failure to Comply with a Court Order
>> (2) Sanctions Sought in The District Where the Action Is
>> Pending
>>> (A) For Not Obeying a Discovery Order. If a party or a
>>> party's officer, director, or managing agent – or a witness
>>> designated under Rule 30(b)(6) or 31(a)(4) – fails to obey
>>> an order to provide or permit discovery, including an
>>> order under Rules 26(f), 35, or 37(a), the court where the
>>> action is pending may issue further just orders. They may
>>> include the following:
>>>> (i) directing that the matters embraced in the order
>>>> or other designated facts be taken as established
>>>> for purposes of the action, as the prevailing party
>>>> claims;
>>>> (ii) prohibiting the disobedient party from
>>>> supporting or opposing designated claims or
>>>> defenses, or from introducing designated matters in
>>>> evidence;
>>>> (iii) striking pleadings in whole or in part;
>>>> (iv) staying further proceedings until the order is
>>>> obeyed;
>>>> (v) dismissing the action or proceeding in whole or
>>>> in part;

>(vi) rendering a default judgment against the
>disobedient party; or
>(vii) treating as contempt of court the failure to
>obey any order except an order to submit to a
>physical or mental examination.

The legal standards for imposing civil contempt for violation of a discovery

order under subsection (vii) is as follows:

>Civil contempt in this context consists of a party's disobedience to a
>specific and definite court order by failure to take all reasonable steps
>within the party's power to comply.  The contempt "need not be
>willful," and there is no good faith exception to the requirement of
>obedience to a court order  . . .  But a person should not be held in
>contempt if his action " 'appears to be based on a good faith and
>reasonable interpretation of the court's order' "  . . .  "Substantial
>compliance" with the court order is a defense to civil contempt, and is
>not vitiated by "a few technical violations" where every reasonable
>effort has been made to comply.

*In Re Dual-Deck Video Cassette Recorder Antitrust Litigation v. Motion Picture*

*Association of America*, 10 F.3d 693, 695 (9th Cir. 1993) (internal citations

omitted).  The party alleging civil contempt must demonstrate the violation of a

court order by clear and convincing evidence.  *Id.*  Therefore, Mr. Smith must

show that (1) Defendants violated the Court's Scheduling Order; (2) beyond

substantial compliance; and (3) not based on a good faith and reasonable

interpretation of the order.  *Id.*

Given the nature of the documents which Defendant's did not produce

(Defendants' own incident reports), it seems clear that Defendants violated the Court's Scheduling Order beyond substantial compliance. The failure to comply was not based on a good faith and reasonable interpretation of the order. At best, it was a failure to actively engage in the discovery process. At worst, it was what Mr. Smith claims to be–a blatant refusal to provide discovery.

Nevertheless, there is not enough evidence to hold Defendants in contempt. Therefore, the motion for contempt will be denied. But the Court cannot agree with Defendants' representation that "the late disclosure of these incident reports does not affect the case in any way because the incident reports are entirely consistent with the affidavits submitted and position taken by both Officer Machler and Officer Fosness in this case." (Doc. 79-1 at 4.) Mr. Smith must be allowed the opportunity to conduct further discovery in light of the production of these documents. Accordingly, the Court will recommend that Defendants Machler and Fosness's motion for summary judgment be denied without prejudice and subject to renewal. Mr. Smith will be given the opportunity to conduct additional discovery. Defendants may refile their motion for summary judgment at the conclusion of that discovery period.

Mr. Smith's motion for subpoena will be denied. To the extent it seeks the incident reports discussed above, it is now moot. To the extent it seeks additional

discovery, Mr. Smith can obtain that information by submitting written discovery requests to Defendants pursuant to the Federal Rules of Civil Procedure.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Smith's Motion for Contempt (Doc. 74) is **DENIED**.

2. Mr. Smith's Motion to Subpoena Records (Doc. 75) is **DENIED**.

3. Defendants' Motion for Leave to File Sur-Reply Brief (Doc. 79) is **GRANTED**. The Clerk of Court shall file this document (Doc. 79-1) as a supplemental brief in support of Defendants' Response to Plaintiff's Motion to Hold Defendants in Contempt (Doc. 76).

4. Mr. Smith shall have until November 18, 2016 to serve additional discovery requests upon Defendants Machler and Fosness.

5. All pretrial motions with supporting briefs shall be filed and served on or before January 13, 2017. Briefing shall be in accordance with Rule 7 of the Local Rules of the United States District Court for the District of Montana. Rule 7 provides that responses to motions to dismiss, for judgment on the pleadings, or for summary judgment must be filed within 21 days after the motion was filed, and responses to all other motions must be filed within 14 days after the motion was filed. L.R. 7.1(d)(1).

With the service copy of each motion, Defendants must provide Plaintiff

with a copy of the Court's Notice of Electronic Filing so Plaintiff is aware of the

actual filing date for each motion.  Plaintiff will be allowed an additional three

days for mailing to be counted after the time period expires to file his response.

Further, the Court issues the following:

## RECOMMENDATION

Defendant Machler and Fosness's Motion for Summary Judgment (Doc. 56)

should be denied without prejudice and subject to renewal after the completion of

the discovery period provided to Mr. Smith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[3]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[3]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 5th day of October 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge
