IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BENJAMIN KARL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER FOSSENS and OFFICER MACHLER, [1]<br><br>Defendants. | CV 15-00013-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter is pending on Defendants Machler and Fosness's Renewed Motion for Summary Judgment. (Doc. 91.) Defendants seek dismissal of Mr. Smith's claim that they were deliberately indifferent to his safety and denied him medical care. Defendants have sufficiently demonstrated that Mr. Smith's claims are barred by res judicata and that they are entitled to judgment as a matter of law. The motion for summary judgment should be granted.

I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[1]The caption has been amended to reflect the dismissal of Defendant Lambertson. (Doc. 97.)

1

as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B). Summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an

essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.*

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts, in the form of affidavits or admissible discovery material, in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(c)(1); *Matsushita*, 475 U.S. at 586 n.11. But "[a] plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence." *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pac.*

*Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson*, 447 U.S. at 248.

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all inferences supported by the evidence in favor of the non-moving party." *Walls v. Cent. Costa Cnty. Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (citations omitted).

## II. FACTS

Mr. Smith alleges that on October 22, 2014, Defendants provided him with cleaning supplies that caused him to have breathing difficulties. He contends Defendants then ignored his calls for help and refused to call a supervisor or medical staff. (Second Amended Complaint, Doc. 22 at 6.)

Defendants testified that they gave Mr. Smith a spray bottle containing what they believed was the oxidizing cleaner usually provided to inmates. They contend that once Mr. Smith told them he was having breathing difficulties, they notified

their supervisor who notified medical. Mr. Smith was then taken to the infirmary and eventually to Deer Lodge Medical Center. (Statement of Undisputed Facts ("SUF"), Doc. 93.)

**III. DISCUSSION**

Defendants argue that Mr. Smith's claims are barred by res judicata and that they are entitled to qualified immunity. The Court agrees Mr. Smith's claims are barred by res judicata and therefore summary judgment should be granted.

The doctrine of claim preclusion, also known as res judicata, "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (*quoting Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)) (internal quotation marks omitted). Whether a prior state court judgment precludes a subsequent section 1983 action in federal court is a matter of state law. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.").

Under Montana law, "[t]he doctrine of res judicata bars the relitigation of a claim once a final judgment has been entered." *Parini v. Missoula Co. High Sch.*,

5

284 Mont. 14, 23, 944 P.2d 199, 204 (1997). This includes those issues that could have been litigated in the prior cause of action. *Wiser v. Montana Bd. of Dentistry*, 360 Mont. 1, 251 P.3d 675 (Mont. 2011). "The elements of claim preclusion are (1) the parties or their privies are the same in the first and second actions; (2) the subject matter of the actions is the same; (3) the issues are the same in both actions, or are ones that could have been raised in the first action, and they relate to the same subject matter; (4) the capacities of the parties are the same in reference to the subject matter and the issues between them; and (5) a valid final judgment has been entered on the merits in the first action by a court of competent jurisdiction." *Brilz v. Metropolitan General Ins. Co.*, 366 Mont. 78, 88 285 P.3d 494, 501 (Mont. 2012).

This matter was originally filed in the Third Judicial District for Powell County on or about January 29, 2015, against the State of Montana, the Department of Corrections, Montana State Prison Warden Leroy Kirkegard, and Linda Murphy. (Doc. 1-1.) It was removed to this Court by Defendants on February 27, 2015. (Doc. 1.) On or about August 25, 2015, Mr. Smith filed a separate lawsuit in the Third Judicial District for Powell County. (SUF, Doc. 93 at ¶ 64.) Therein, he alleged that "[o]n October 22, 2014, Officer Machler, negligently provided the Plaintiff with prohibit [sic] cleaning materials which

6

caused the Plaintiff to suffer bodily injury." (SUF, Doc. 93 at ¶ 65.) Mr. Smith also alleged that "[o]n October 22, 2014, Officer Fossens [sic] negligently denied the Plaintiff medical attention which caused the Plaintiff to suffer bodily injury." (SUF, Doc. 93 at ¶ 66.)

On October 21, 2015, counsel for Defendants moved to dismiss Mr. Smith's state court complaint against them on the basis that his complaint failed to state a claim in light of Mont. Code Ann. § 2-9-108(2). (SUF, Doc. 93 at ¶ 67.) On December 11, 2015, the Third Judicial District Court found that the immunity afforded under Mont. Code Ann. § 2-9-108(2) mandated the dismissal of Mr. Smith's state court Complaint against Defendants. (SUF, Doc. 93 at ¶ 68.)

On January 25, 2016, Mr. Smith appealed the district court's order dismissing his state court action. (SUF, Doc. 93 at ¶ 69.) On March 29, 2016, the Montana Supreme Court issued its order dismissing Mr. Smith's appeal due to the fact that he had failed to file a proper opening brief in the time allowed by the Court. (SUF, Doc. 93 at ¶ 70.)

Mr. Smith and Defendants were all parties in both this action and the state court action. The subject matter of the actions is the same–the October 22, 2014 incident when Defendants allegedly provided Mr. Smith with dangerous cleaning materials and thereafter failed to get him timely medical treatment. Although Mr.

7

Smith's constitutional claim was not raised in his state court Complaint, it could have been raised in that action, and the negligence claims raised in the state court action relate to the same subject matter as his constitutional claims. *Haywood v. Drown*, 556 U.S. 729, 731 (2009). The capacities of the parties are exactly the same in reference to the subject matter and the issues between them.

Lastly, a valid final judgment has been entered on the merits in the state action by a court of competent jurisdiction. The state court dismissed Mr. Smith's state court claim pursuant to Montana Code Annotated § 2-9-108(2) finding that the State was not liable for Mr. Smith's ordinary negligence claim. Mont. Code Ann. § 2-9-108(2) reads:

> [t]he state, a county, municipality, taxing district, or any other political subdivision of the state is not liable in tort action for damages suffered as a result of negligence of an officer, agent, or employee of that entity by a person while the person was confined in or was otherwise in or on the premises of a correctional or detention institution or facility to serve a sentence imposed upon conviction of a criminal offense. The immunity granted by this subsection does not extend to serious bodily injury or death resulting from negligence or to damages resulting from medical malpractice, gross negligence, willful or wanton misconduct, or an intentional tort.

Mont. Code Ann. § 2-9-108(2). The state court held that,

> Plaintiff's Complaint fails to allege that Defendants failed to use anything more than ordinary care. Plaintiff does not even allege that Defendants mixed the substances together thereby creating the hazard. Plaintiff simply alleges that chlorine and ammonia were both given to

him and then he got sick. Because Plaintiff's claim does not reach the
level of gross negligence, it fails as a matter of law.

(State Court Decision, Doc. 93-7 at 8.)

A court's dismissal on the grounds of immunity constitutes a final judgment on the merits. *See Warwick Corp. v. Maryland Dep't of Transp.*, 573 F.Supp. 1011, 1014 (D. Md. 1983) ("[A] judgment granting dismissal on the grounds of sovereign immunity is a final judgment on the merits, commanding res judicata effect."); *see also Lommen v. City of E. Grand Forks*, 97 F.3d 272, 275 (8th Cir. 1996); *Mills v. Lincoln County*, 262 Mont. 283, 864 P.2d 1265 (1993) (res judicata applied to bar a state action where federal case dismissed based upon immunity).

Accordingly, the Court finds that the state court's dismissal of Mr. Smith's claims based upon the state immunity statute is a final judgment on the merits in a court of competent jurisdiction.

All elements of res judicata having been met, Defendants' motion for summary judgment should be granted.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. Defendants' Motion for Summary Judgment (Doc. 91) should be **GRANTED** and this matter **DISMISSED**. The Clerk of Court should be directed

9

to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 17th day of April 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.